**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY JAY JOLLIFF,

        Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; CIMARRON
CORRECTIONAL FACILITY,

        Defendants-Appellees.

No. 15-6090
(D.C. No. 5:14-CV-00841-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Pro se[1] prisoner Randy Jolliff filed a civil-rights action against Corrections

Corporation of America and Cimarron Correctional Facility ("Cimarron")

(collectively, "the Prison") under 42 U.S.C. § 1983. The district court found that

Mr. Jolliff failed to exhaust his administrative remedies and granted summary

---

[*]      This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Jolliff appears pro se, we afford his filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

judgment in favor of the Prison. Mr. Jolliff now appeals and moves for leave to proceed *in forma pauperis* ("IFP"). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** and **grant** Mr. Jolliff leave to proceed IFP on appeal.

## I

The sole question before us is whether Mr. Jolliff exhausted his administrative remedies prior to initiating his § 1983 action against the Prison. "We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Prison Litigation Reform Act ("PLRA") requires that "a prisoner . . . exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing 42 U.S.C. § 1997e(a)). A prisoner exhausts administrative remedies "by properly following all of the steps laid out in the prison system's grievance procedure." *Id.* However, the PLRA only requires the exhaustion of administrative remedies "as are available." 42 U.S.C. § 1997e(a). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little*, 607 F.3d at 1250.

As an inmate in Cimarron, Mr. Jolliff was required to complete the four-step grievance policy promulgated by the Oklahoma Department of Corrections

2

("ODOC"). *See id.* Mr. Jolliff concedes that he failed to comply with the ODOC's grievance procedures but argues that his failure to exhaust should be excused because Prison officials thwarted his efforts to file a formal grievance, the third step in the ODOC grievance process. *See* ODOC Inmate/Offender Grievance Process, § V.A. Specifically, he alleges that he submitted formal grievances to numerous Prison officials, including the warden, but received no response.

Such non-responsiveness, however, does not excuse a prisoner's failure to exhaust administrative remedies under the ODOC's grievance policy. When a prisoner receives no response to a formal grievance, the ODOC's grievance policy instructs the prisoner to send a separate grievance asserting the failure to respond to the Administrative Review Authority. *See id.* § V.C.4. Mr. Jolliff has not alleged or submitted any evidence that he attempted to comply with this procedure. Consequently, we must conclude that Mr. Jolliff failed to exhaust his administrative remedies and is not excused from his failure to do so. Accordingly, the district court correctly granted summary judgment in the Prison's favor.

Although he did not prevail, Mr. Jolliff "has demonstrated 'a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting

3

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).  Thus, we allow

him to proceed on appeal IFP.  However, we remind Mr. Joliff that he is obliged

to continue making partial payments until he has completely paid the appellate

filing fee.

## II

For the foregoing reasons, we **AFFIRM** the district court's grant of

summary judgment for the Prison and **GRANT** Mr. Jolliff leave to proceed IFP.


Entered for the Court


JEROME A. HOLMES
Circuit Judge